United States District Court

for the

Eastern District of New York

| | |
|---|---|
| U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST<br><br>                  Plaintiff,<br><br>    v.<br><br>TYRONE PRYOR, NINA V. PRYOR, CITY REGISTER OF THE CITY OF NEW YORK, KINGS COUNTY, HOME HEATING OIL CORP., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, THE CITY OF NEW YORK, CRIMINAL COURT OF THE CITY OF NEW YORK<br><br>                  Defendants. | Civil Action No. _15-cv-2129_<br><br><br>COMPLAINT |

AS AND FOR A FIRST CAUSE OF ACITON,
PLAINTIFF HEREIN ALLEGES:

Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

## INTRODUCTION

1.     This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a mortgage encumbering 16 Verona Place, Brooklyn, New York 11216, together with the land, buildings, and other improvements located on the property ("the Property").  The legal description of the property is attached as Schedule A.

## PARTIES

2.     Plaintiff is a National Association with its principal place of business at 300 East Delaware Avenue, 8th Floor, Wilmington, Delaware 19809, the holder of the note secured by the mortgage and the mortgagee, or was delegated authority to institute this mortgage foreclosure action by the owner and holder of the note and mortgage.

1

3.    Defendant Tyrone Pryor is a citizen of New York, and the owner of the property.

4.    Defendant Nina Pryor is a citizen of New York, and the owner of the property.

5.    Defendant Criminal Court of the City of New York is a political subdivision existing under the laws of New York with its principal place of business in New York, and the holder of a lien encumbering the property, which is subject and subordinate to Plaintiff's mortgage.

6.    Defendant New York City Environmental Control Board is a city agency, existing under the laws of New York with its principal place of business in New York, and the holder of a lien encumbering the property, which is subject and subordinate to Plaintiff's mortgage.

7.    Defendant City Register of the City of New York, Kings County is a city agency, existing under the laws of New York with its principal place of business in New York, and are jurisdictionally joined as a party defendant for the relief requested in Plaintiff's Second Cause of Action

8.    Defendant The City of New York is a political subdivision existing under the laws of New York with its principal place of business in New York, and the holder of a lien encumbering the property, and named herein to extinguish their interest as set forth in Plaintiff's Second Cause of Action.

9.    Defendant Home Heating Oil Corp. is a corporation or other business entity formed under the laws of New York, with its principal place of business in New York, and a secured party Secured party in a UCC Financing Statement..

10.    The defendant(s) claim an interest or lien encumbering the property, which is either subordinate to Plaintiff's mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's mortgage.  The interest or lien of each defendant is attached as Schedule B.

11.    The interest or lien of any governmental entity is attached as Schedule C.

## STATEMENT OF JURISDICTION

12.    Federal subject matter jurisdiction exists pursuant to 28 USC Section 1332 because complete diversity exists among the defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

13.    Venue is proper pursuant to 28 USC Section 1391 because the property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

14.    On or about March 18, 1998, Tyrone Pryor executed and delivered a note whereby Tyrone Pryor promised to pay the sum of $139,500.50 plus interest on the unpaid amount due.

15.    As security for the payment of the note, Tyrone Pryor and Nina V. Pryor duly executed and delivered a mortgage on the property, which was recorded as follows:

```
Recording Date:    April 30, 1998
Liber/Page:        4183/524
County:            Kings County Office of the City Register
```

16.    The mortgage was assigned to LSF8 Master Participation Trust, C/O Caliber Home Loans, Inc. The mortgage was subsequently assigned to U.S. Bank Trust, N.A. as trustee for LSF8 Master Participation Trust.

17.    Tyrone Pryor and Nina V. Pryor failed to make payment in accordance with the terms of the note and mortgage by not making the payments as agreed.  Accordingly, Plaintiff hereby accelerates the payments and declares due the entire amount owed on the note and secured by the mortgage.

18.    There is now due and owing on the note and mortgage the following amounts:

3

Principal balance: $107,675.25
Interest Rate: 11.325%
Date interest accrues from: August 30, 2014

together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and

preservation of the property, and the costs, allowances, expenses of sale, and reasonable attorney's

fees for the foreclosure.

19.     In order to protect the value of the property and its rights in the property, the

Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other

charges. Plaintiff requests that any amount it pays, together with interest, be included in the total

amount due.

20.     Plaintiff has complied with the notice provision of the mortgage and RPAPL

Section 1304 and filed the information required by RPAPL Section 1306. The mortgage was

originated in compliance with all provisions of section 595-a of the New York Banking Law and

any rules or regulations promulgated thereunder, and, if applicable, sections 6-l or 6-m of the

Banking law.

21.     No action was brought to recover any part of the mortgage debt or if any such action

is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to

discontinue it.

AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION,<br>PLAINTIFF HEREIN ALLEGES:

13. Plaintiff repeats and re-alleges the allegations contained in Paragraphs "1" through

"21", as though fully set forth herein.

14. Upon information and belief, all the defendants herein have or claim to have some

interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any,

has accrued subsequent to the lien of Plaintiff's mortgage, or has been paid or equitably subrogated

4

to Plaintiff's mortgage, or has been duly subordinated thereto, or is adverse to that of Plaintiff. The reason for naming said defendants is set forth in Schedule "C" that is attached to this complaint.

15. Defendant City Register of the City of New York, Kings County has lien(s) on its records held by The City of New York which appear to be prior and adverse to the mortgage being foreclosed:

> Recording date: October 5, 1984
> Book/Page: 1559/597
> City Register of: City Register of New York, Kings County

16. The interest of Plaintiff in the property is set forth in paragraph "1", above.

17. Upon information and belief, all of the defendants are known, and none of them are infants, mentally retarded, mentally ill or alcohol abusers.

18. Upon information and belief, there are no persons not in being or ascertained at the commencement of this action who by any contingency contained in a devise or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved in this action, and any judgment rendered herein will not and may not affect any such person not in being or not ascertained at the time of the commencement of this action.

19. The lien(s) of Defendant, The City of New York appear to be prior and adverse to the mortgage being foreclosed and is/are subject to be declared invalid and extinguished pursuant to Article 15 of the Real Property Actions and Proceedings Law.

20. Plaintiff hereby requests that the Judgment of Foreclosure state the following:

ORDERED, ADJUDGED AND DECREED, that the lien(s) which appear(s) to be prior and adverse to the mortgage being foreclosed, namely the lien of Defendant The City of New York, is/are hereby declared invalid and extinguished pursuant to RPAPL Article 15; and it is further

ORDERED, ADJUDGED AND DECREED, that all Defendants and all persons or entities claiming by, through or under them, be and are hereby forever barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises; and it is further

ORDERED, ADJUDGED AND DECREED, that the City Register of the City of New York, Kings County upon the payment of its requisite fees, shall record and index a certified copy of this Order/Judgment in the same manner as the lien being extinguished;

WHEREFORE, PLAINTIFF DEMANDS:

a. Judgment determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest.
b. A referee be appointed to sell the property at auction to the highest bidder, in accordance with to RPAPL Article 13.
c. The interest of the defendant(s) and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the property be forever extinguished.
d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13.
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America.
f. Plaintiff may purchase the property at the sale.
g. A receiver be appointed for the property, if requested by Plaintiff
h. A deficiency judgment against all obligors on the note, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy, be granted if requested by Plaintiff.
i. If the Plaintiff possesses other liens against the property, they not merge with the mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale.
j. Awarding the relief requested in the SECOND cause of action stated in this complaint.

k.  The Court award Plaintiff additional relief that is just, equitable and proper.

By: _____

Dated: Williamsville, New York
March 31, 2015

Keith R. Young, Esq.
Gross Polowy, LLC
Attorneys for Plaintiff
1775 Wehrle Drive, Ste. 100
Williamsville, New York 14221
Tel.: 716-204-1700

7

## **<u>Schedule A - Legal Description</u>**

**SERVICELINK**
A BLACK KNIGHT FINANCIAL
SERVICES COMPANY

Reference ID: ███████                                                    Title No: 150001208

**SEARCH NO. FARS-**1022712

**Schedule A- Description of the Premises**

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of Verona Place distant 129 feet 2-1/4 inches southerly from the corner formed by the intersection of the westerly side of Verona Place with the southerly side of Macon Street;

THENCE westerly at right angles to Verona Place and part of the distance through a party wall, 100 feet;

THENCE southerly parallel with Verona Place, 19 feet;

THENCE easterly at right angles to Verona Place and part of the distance through a party wall, 100 feet to the westerly side of Verona Place;

THENCE northerly along the westerly side of Verona Place, 19 feet to the point or place of BEGINNING.

**16 Verona Place, Brooklyn, New York (Borough of Brooklyn, City of New York) Kings County**
**Block 1849 Lot 31**

# Schedule A

## **Schedule B-Defendants**

TYRONE PRYOR                              Record owner and original mortgagor

NINA V. PRYOR                             Record owner and original mortgagor

HOME HEATING OIL CORP.          Secured party in a UCC Financing Statement.

## Schedule C - Defendants

| | |
|---|---|
| CITY REGISTER OF THE CITY OF NEW YORK | Named to be jurisdictionally joined as a party defendant for the relief requested in Plaintiff's Second Cause of Action. |
| THE CITY OF NEW YORK | Holder of a mortgage.<br>Named as a party Defendant herein to extinguish said Defendant's lien, as Plaintiff believes Defendant has been paid in full, and that the lien of the Plaintiff is superior. |
| CRIMINAL COURT OF THE CITY OF NEW YORK | Holder of a judgment against Tyrone Pryor, 175 Ashford Street, Brooklyn, NY, docketed May 8, 2013 in the Office of the City Register of the City of New York, Kings County, Index # 2013KN015201, in the amount of $120.00 |
| NEW YORK CITY ENVIRONMENTAL CONTROL BOARD | Holder of a judgment against Tyrone Pryor. |