Michael Corcoran, Esq. (MC-3851)
1474 Myrtle Avenue
Brooklyn, New York 11237
Telephone: (718) 418-8232 Ext. 2090
Facsimile: (718) 418-8252

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8
MASTER PARTICIPATION TRUST,

                Plaintiff,

  vs.

TYRONE PRYOR, NINA V. PRYOR, CITY REGISTER
OF THE CITY OF NEW YORK, KINGS COUNTY
HOME HEATING OIL CORP., NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, THE CITY OF
NEW YORK,  CRIMINAL COURT OF THE CITY OF
NEW YORK
                Defendant.
------------------------------------------------------------------------X

Civil Action No. 15-cv-2129

**ANSWER AND
COUNTERCLAIMS
OF DEFENDANTS
TYRONE PRIOR
AND NINA PRYOR**

**JURY TRIAL DEMANDED**

Defendants Tyrone Pryor and Nina Pryor (collectively "the Pryors" or "Defendants"), by their attorneys, Grow Brooklyn, Inc., as and for their Answer and Counterclaims to the Complaint herein, allege as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

1. Neither admit nor deny the allegations in paragraph 1 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent Paragraph 1 contains factual allegations, Defendants deny the allegations except admit that 16 Verona Place, Brooklyn, New York 11216, (the "Subject Property") is the subject of this putative residential mortgage foreclosure action.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint.

3. Admit the allegations contained in Paragraph 3 of the Complaint; Tyrone Pryor is a citizen of the United States of America, a resident of the State of New York and he is the co-owner of the Subject Property together with his wife, Nina Pryor.

4. Admit the allegations contained in Paragraph 4 of the Complaint; Nina Pryor is a citizen of the United States of America, a resident of the State of New York and she is the co-owner of the Subject Property together with her husband, Tyrone Pryor.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6. Neither admit nor deny the allegations in Paragraph 6 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent Paragraph 6 contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

7. Neither admit nor deny the allegations in Paragraph 7 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent Paragraph 7 contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 7 of the Complaint.

8. Neither admit nor deny the allegations in Paragraph 8 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent Paragraph 8 contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 8 of the Complaint.

9. Neither admit nor deny the allegations in Paragraph 9 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent Paragraph 9 contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 9 of the Complaint.

10. Neither admit nor deny the allegations in Paragraph 10 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent Paragraph 10 contains factual allegations, Defendants deny the allegations except deny knowledge or information sufficient to form a belief as to the claims of others upon the Subject Property and admit that the Pryors have an interest in the Subject Property.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint.

12. Neither admit nor deny the allegations in Paragraph 12 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent that Paragraph 12 contains factual allegations, Defendants deny the allegations contained in Paragraph 12 of the Complaint except deny knowledge or information sufficient to form a belief as to the citizenship of any party herein other than Defendants.

13. Deny the allegations contained in Paragraph 13 of the Complaint except admit that the Subject Property is located within this district.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint, except admit that Defendants executed a Note dated March 18, 1998, and refer thereto for a true and accurate statement of its terms.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint, except admit that Defendants executed a Mortgage dated March 18, 1998, and refer thereto for a true and accurate statement of its terms.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint.

17. Neither admit nor deny the allegations in Paragraph 17 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent that Paragraph 17 contains factual allegations, Defendants deny the allegations except admit that Defendants are behind on their mortgage payments.

18. Neither admit nor deny the allegations in Paragraph 18 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent that Paragraph 18 contains factual allegations, Defendants deny the allegations.

19. Neither admit nor deny the allegations in Paragraph 19 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent that Paragraph 19 contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint.

20. Neither admit nor deny the allegations in Paragraph 20 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent that Paragraph 20 contains factual allegations, Defendants deny the allegations.

21. Neither admit nor deny the allegations in Paragraph 21 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent that Paragraph 21 contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

22. The statements in Paragraphs 1 through 21 are reasserted as if fully stated herein.

23. For clarification purposes, it is important to note that the numerical paragraphs under the portion of the Complaint related to the second cause of action reset and begin with Paragraph 14 and end with Paragraph 20. Defendants Tyrone Pryor and Nina Pryor (collectively "the Pryors" or "Defendants"), by their attorneys, Grow Brooklyn, Inc., as and for their Answer and Counterclaims to the Complaint herein, allege as follows with respect to the numerical paragraphs under the portion of the Complaint related to the second cause of action:

24. Neither admit nor deny the allegations in Paragraph 14 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent that Paragraph 14 contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the claims of others upon the Subject Property and admit that the Pryors have an interest in the Subject Property.

25. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint.

26. Neither admit nor deny the allegations in Paragraphs 16 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent Paragraph 16 contains factual allegations, Defendants deny the allegations except admit that the Subject Property is the subject of this putative residential mortgage foreclosure action.

27. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint.

28. Neither admit nor deny the allegations in Paragraph 18 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent that

Paragraph 18 contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint.

29. Neither admit nor deny the allegations in Paragraph 19 of the Complaint insofar as they consist of legal contentions to which no response is required. To the extent that Paragraph 19 contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint.

30. Oppose in its entirety the relief requested in Paragraph 20 of the Complaint.

## FACTS COMMON TO DEFENSES AND COUNTERCLAIMS

31. Defendants purchased the Subject Property on or about August 3, 1984, originally in the name of Tyrone Pryor alone.

32. On or about July 24, 1995, title to the Subject Property was transferred into the names of both Tyrone Pryor and Nina Pryor.

33. The Subject Property is a family home, it is where Defendants have raised their family and it is where they presently reside; Defendants care deeply for their home and they are committed to doing whatever they can to save their home from foreclosure.

34. As averred in Paragraphs 14 and 15 above, on or about March 18, 1998, Defendants executed a Note and Mortgage.

35. At the time of origination, the holder of said Note and Mortgage was Household Finance Realty Corporation of New York.

36. Paragraph 18 of the Complaint, with respect to the numerical paragraphs included under the portion of the Complaint related to the first cause of action, alleges that interest accrues

on the Note and Mortgage from August 30, 2014, which also, presumably, is the date Defendants allegedly defaulted on the mortgage.

37. Paragraph 16 of the Complaint, with respect to the numerical paragraphs included under the portion of the Complaint related to the first cause of action, alleges that the mortgage was assigned to LSF8 Master Participation Trust, C/O Caliber Home Loans, Inc, and that the mortgage was then subsequently assigned to U.S. Bank Trust, as trustee for LSF8 Master Participation Trust.

38. Included in the exhibits to the Complaint are two purported assignments of the mortgage, the first of which is dated September 12, 2014, approximately 13 days after the alleged date of default, in which Household Finance Realty Corporation of New York purportedly assigned its interest in the mortgage to LSF8 Master Participation Trust.

39. The second assignment of the mortgage included in the exhibits to the Complaint is dated February 2, 2015, approximately two months before the commencement of this action, in which LSF8 Master Participation Trust purportedly assigned its interest in the mortgage to U.S. Bank Trust, as trustee for LSF8 Master Participation Trust.

40. The aforementioned assignment dated February 2, 2015, is identified as a corrective assignment.

41. Upon information and belief, the aforementioned corrective assignment was executed for the sole purpose of bringing the instant foreclosure action in federal court in an attempt to establish the appearance of diversity jurisdiction.

**FIRST DEFENSE**
**(Failure to State a Cause of Action)**

42. The statements in Paragraphs 1 through 41 are reasserted as if fully stated herein.

43. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

44. Accordingly, this action must be dismissed.

## SECOND DEFENSE
### (Lack of Personal Jurisdiction Due to Insufficient Process Pursuant to FRCP 4)

45. The statements in Paragraphs 1 through 44 are reasserted as if fully stated herein.

46. The Summons served by Plaintiff in this action violates FRCP 4 (a)(1)(A) in that it fails to name and/or identify all of the parties to this action.

47. Accordingly, this court lacks jurisdiction over Defendants and this action must be dismissed.

## THIRD DEFENSE
### (Lack of Subject Matter Jurisdiction)

48. The statements in Paragraphs 1 through 47 are reasserted as if fully stated herein.

49. A plaintiff asserting federal subject-matter jurisdiction bears the burden of proving its existence.

50. The citizenship of a trust is determined by the citizenship of its beneficiaries and its trustees.

51. Although U.S. Bank Trust, N.A. may be a citizen of the State of Delaware, Plaintiff's Complaint fails to identify any of the beneficiaries of the LASF8 Master Participation Trust, the trust on behalf of who U.S. Bank Trust, N.A. is purportedly acting.

52. Upon information an belief, U.S. Bank Trust, N.A., as Trustee for LASF8 Master Participation Trust, is no more than a "sham" trustee who has no real power to control the

litigation or the property at issue and who was appointed as trustee, in name only, for the sole purpose of pursuing this foreclosure action in federal as opposed to state court.

53. Upon information and belief, the omission of the identity of the beneficiaries of the LASF8 Master Participation Trust is deliberate as it would include individuals and/or entities whose citizenship would defeat diversity jurisdiction and plainly demonstrate that this Court lacks subject matter jurisdiction over this case.

54. Accordingly, this case should be dismissed for lack of subject matter jurisdiction.

**FOURTH DEFENSE**
**(Unconscionability)**

55. The statements in Paragraphs 1 through 54 are reasserted as if fully stated herein.

56. Upon information and belief, Plaintiff, their predecessors in interest and their agents "conducted a business" and/or "furnished a service" as those terms are defined in New York State General Business Law §349 (the "Deceptive Practices Act") and violated the Deceptive Practices Act by engaging in acts and practices that were misleading in a material way, unfair and contrary to public policy and generally recognized standards of business.

57. Upon information and belief, the note and mortgage were procured by deceptive and fraudulent practices constituting "predatory lending" as contemplated by State and Federal law; specifically Plaintiff, their predecessor in interest and their agents intentionally exercised improper, inadequate or nonexistent due diligence regarding Defendant's ability to repay the amounts due under the note and mortgage and intentionally and improperly placed Defendants into a sub-prime loan product with excessively high interest rates and impaired refinancing flexibility all to the sole benefit of the lender.

58. Prior to and during the consummation of the loan transaction associated with the Mortgage, there existed an enormous disparity in bargaining power between Plaintiff, their predecessors in interest and their agents, and the Pryors.

59. Upon information and belief, Plaintiff, their predecessors in interest and their agents, sought to profit directly from this disparity in bargaining power.

60. Upon information and belief, Plaintiff, their predecessors in interest and their agents, used this disparity in bargaining power to induce the Pryors to enter into an unconscionable mortgage agreement, in which the Pryors paid a predatory interest rate of 11.325%.

61. Said unconscionability renders void, voidable, or unenforceable the mortgage that is the subject of this action.

62. Accordingly, Plaintiff should be denied any relief in this action.

## FIFTH DEFENSE
### (Unclean Hands)

63. The statements in Paragraphs 1 through 62 are reasserted as if fully stated herein.

64. A mortgage foreclosure action is an action in equity.

65. To obtain equitable relief of foreclosure on a plaintiff's security interest in a defendant's home, the plaintiff must come to court with "clean hands."

66. Plaintiff's commencement of this foreclosure action and the underlying assignment history of the mortgage represent transparent forum shopping and plainly demonstrate that Plaintiff is seeking to circumvent New York State's comprehensive statutory and regulatory scheme governing mortgage servicing and residential foreclosure actions.

67. By virtue of its forum shopping and the unconscionability of the mortgage on which Plaintiff purports to foreclosure in this proceeding, Plaintiff has "unclean hands."

68. Accordingly, Plaintiff should be denied any relief in this action.

## SIXTH DEFENSE
### (Laches)

69. The statements in Paragraphs 1 through 68 are reasserted as if fully stated herein.

70. Plaintiff's action is barred by the doctrine of laches.

71. Accordingly, Plaintiff should be denied any relief in this action.

## SEVENTH DEFENSE
### (Abstention)

72. The statements in Paragraphs 1 through 72 are reasserted as if fully stated herein.

73. A federal court may decline to exercise jurisdiction and dismiss a case under the abstention doctrine when a suit presents difficult questions of state law bearing on policy problems which transcend the case at bar.

74. Residential foreclosure actions in New York State Courts are governed by a series of substantive and procedural rules which include, among other things, a duty to negotiate in good faith under N.Y. C.P.L.R. § 3408(f) at mandatory settlement conferences, a requirement pursuant to Administrative Order A/O 548/10 (amended by A/O 431/11) of the Chief Administrative Judge that foreclosing plaintiff's counsel file an affirmation attesting to the accuracy of foreclosure filings in order to prevent the rampant "robo-signing" of foreclosure filings and mortgage assignment documents that have tainted New York's judicial foreclosure process, all of which implicate questions of state law bearing on specific policy issues addressed

by the New York legislature and which transcend this case. The New York State court system has developed particular expertise in administering thousands of residential foreclosure settlement conferences since the enactment of N.Y. C.P.L.R. § 3408(f).

75. The severity of the mortgage crisis in New York State and financial institutions' widespread abuse of consumers in the origination, servicing and later in prosecuting foreclosures, resulted in the enactment of procedural and substantive protections for New York homeowners in an effort to prevent avoidable foreclosures.

### FIRST COUNTERCLAIM
### (New York State Real Property Law § 282)

76. The statements in Paragraphs 1 through 75 are reasserted as if fully stated herein.

77. Section 282 of the New York State Real Property Law provides that a mortgagor who successfully defends a foreclosure action can recover reasonable attorneys' fees and/or expenses incurred in the successful defense of such action if the contract provides for the recovery of such attorney's fees and/or expenses by the mortgagee.

78. The Mortgage at issue herein includes, at Section 9, an attorneys' fees provision that, by virtue of New York Real Property Law § 282 is rendered reciprocal.

79. Accordingly, Defendants are entitled to recover their reasonable attorneys' fees and/or expenses incurred in connection with the defense of this action.

WHEREFORE, Defendants respectfully request that this Court:

a) Dismiss the Complaint with prejudice;

b) Enjoin enforcement of the mortgage;

c) Award actual damages in an amount to be determines at trial;

d) Grant costs, disbursements and attorneys' fees pursuant to New York Real Property Law § 282 to Grow Brooklyn; and,

e) Award such other and further relief as may be just and proper.

Dated: July 31, 2015

By: _____
Michael Corcoran, Esq. (MC-3851)
Grow Brooklyn, Inc.
*Attorneys for Defendants*
*Tyrone Pryor and Nina Pryor*
1474 Myrtle Avenue
Brooklyn, New York 11237
Tel.: (718) 418-8232 ext. 2090
Fax: (718) 418-8252
Email: michael@growbrooklyn.org