UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- x

U.S. BANK TRUST, N.A. AS TRUSTEE
FOR LSF8 MASTER PARTICIPATION
TRUST

                Plaintiff,

v.

TYRONE PRYOR, NINA V. PRYOR, CITY
REGISTER OF THE CITY OF NEW
YORK, KINGS COUNTY, HOME
HEATING OIL CORP., NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,
THE CITY OF NEW YORK, CRIMINAL
COURT OF THE CITY OF NEW YORK

                Defendants.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- x

15-cv-2129-SLT-VMS

**ANSWER TO AMENDED ANSWER
AND COUNTERCLAIMS OF
DEFENDANTS TYRONE PRYOR
AND NINA PRYOR**

Plaintiff U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust ("Plaintiff"), by its counsel, Day Pitney LLP (co-counsel with Gross Polowy LLC), as and for its Answer to the counterclaims set forth in the Amended Answer and Counterclaims of Defendants Tyrone Pryor and Nina V. Pryor (collectively, "Defendants"), dated August 21, 2015 [Dkt. No. 26] (the "Amended Answer"), states as follows:

### EIGHTH DEFENSE AND FIRST COUNTERCLAIM
#### (Failure to Negotiate in Good Faith Pursuant to
#### New York Civil Practice Law and Rules § 3408)

1.     Paragraphs 1 through 84 of the Amended Answer contain Defendants' responses to the allegations in the First and Second Causes of Action set forth in the Complaint and Defendants' affirmative defenses. As such, to the extent a response is required, Plaintiff denies any allegations against Plaintiff set forth in Paragraphs 1 through 30 of the Amended Answer, and responds as follows to Paragraphs 31 through 84 of the Amended Answer:

## ANSWER TO FACTS COMMON TO DEFENSES AND COUNTERCLAIMS

a.     Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Answer, except it admits that the public records reflect that a deed was recorded with respect to the property located at 16 Verona Place, Brooklyn, New York (the "Property") on October 5, 1984 in the name of Tyrone Pryor.

b.     Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Amended Answer, except it admits that the public records reflect that a deed was recorded with respect to the Property on July 24, 1995 transferring title from Tyrone Pryor to Defendants jointly.

c.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33 of the Amended Answer.

d.     Plaintiff denies the allegations set forth in Paragraph 34 of the Amended Answer, except it admits that Defendant Tyrone Pryor executed the note and Defendants executed the mortgage.

e.     Plaintiff admits the allegations set forth in Paragraph 35 of the Amended Answer.

f.     Plaintiff admits the allegations set forth in Paragraph 36 of the Amended Answer insofar as such allegations repeat Paragraph 18 of the first cause of action in the Complaint, and refers to the Complaint for its terms and meaning.  Plaintiff denies any additional allegations against Plaintiff set forth in Paragraph 36 of the Amended Answer.

g.     Plaintiff admits the allegations set forth in Paragraph 37 of the Amended Answer. insofar as such allegations repeat Paragraph 16 of the first cause of action in the Complaint, and refers to the Complaint for its terms and meaning.  Plaintiff denies any allegations against Plaintiff set forth in Paragraph 37 of the Amended Answer.

h.      Plaintiff denies the allegations set forth in Paragraph 38 of the Amended Answer, except it admits that Household Finance Realty Corporation of New York assigned the mortgage to LSF8 Master Participation Trust by assignment dated September 14, 2014, and refers to the assignment for its terms and meaning.

i.      Plaintiff denies the allegations set forth in Paragraph 39 of the Amended Answer, except it admits that LSF8 Master Participation Trust executed a corrective assignment of mortgage and assigned the mortgage to U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust by assignment dated February 2, 2015, and refers to the assignment for its terms and meaning.

j.      Plaintiff denies the allegations set forth in Paragraph 40 of the Amended Answer, except it admits that the assignment dated February 2, 2015 is labeled as a corrective assignment of mortgage, and refers to the assignment for its terms and meaning.

k.      Plaintiff denies the allegations set forth in Paragraph 41 of the Amended Answer.

### FIRST DEFENSE
### (Failure to State a Cause of Action)

l.      In response to Paragraph 42 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.

m.      Plaintiff denies the allegations set forth in Paragraph 43 of the Amended Answer.

n.      Plaintiff denies the allegations set forth in Paragraph 44 of the Amended Answer.

**SECOND DEFENSE**
**(Lack of Personal Jurisdiction Due to Insufficient Process**
**Pursuant to FRCP 4)**

o.      In response to Paragraph 45 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.

p.      Plaintiff denies the allegations set forth in Paragraph 46 of the Amended Answer.

q.      Plaintiff denies the allegations set forth in Paragraph 47 of the Amended Answer.

**THIRD DEFENSE**
**(Lack of Standing)**

r.      In response to Paragraph 48 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.

s.      Plaintiff denies the allegations set forth in Paragraph 49 of the Amended Answer.

t.      Plaintiff denies the allegations set forth in Paragraph 50 of the Amended Answer.

u.      Plaintiff denies the allegations set forth in Paragraph 51 of the Amended Answer.

v.      Paragraph 52 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 52 of the Amended Answer.

w.      Plaintiff denies the allegations set forth in Paragraph 53 of the Amended Answer.

**FOURTH DEFENSE**
**(Lack of Subject Matter Jurisdiction)**

x.      In response to Paragraph 54 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.

-4-

y.      Paragraph 55 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 55 of the Amended Answer.

z.      Paragraph 56 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 56 of the Amended Answer.

aa.      Plaintiff denies the allegations set forth in Paragraph 57 of the Amended Answer, except it admits that U.S. Bank Trust, N.A. is acting as Trustee for LSF8 Master Participation Trust.

bb.      Plaintiff denies the allegations set forth in Paragraph 58 of the Amended Answer.

cc.      Plaintiff denies the allegations set forth in Paragraph 59 of the Amended Answer.

dd.      Plaintiff denies the allegations set forth in Paragraph 60 of the Amended Answer.

## FIFTH DEFENSE
### (Abstention)

ee.      In response to Paragraph 61 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.

ff.      Paragraph 62 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 62 of the Amended Answer.

gg.      Paragraph 63 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 63 of the Amended Answer.

hh.      Plaintiff denies the allegations set forth in Paragraph 64 of the Amended Answer.

ii.      Plaintiff denies the allegations set forth in Paragraph 65 of the Amended Answer.

jj.      Plaintiff denies the allegations set forth in Paragraph 66 of the Amended Answer.

kk.      Plaintiff admits the allegations set forth in Paragraph 67 of the Amended Answer.

ll.      Plaintiff admits the allegations set forth in Paragraph 68 of the Amended Answer.

mm.      Plaintiff denies the allegations set forth in Paragraph 69 of the Amended Answer.

nn.      Plaintiff denies the allegations set forth in Paragraph 70 of the Amended Answer.

oo.      Plaintiff denies the allegations set forth in Paragraph 71 of the Amended Answer.

pp.      Plaintiff denies the allegations set forth in Paragraph 72 of the Amended Answer.

### SIXTH DEFENSE
### (Violation of New York State Real Property Actions and
### Proceedings Law § 1304)

qq.      In response to Paragraph 73 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.

rr.      Paragraph 74 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 74 of the Amended Answer, and refers to the statute for its terms and meaning.

ss.      Paragraph 75 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.

tt.      Paragraph 76 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.

uu.      Plaintiff denies the allegations set forth in Paragraph 77 of the Amended Answer.

vv.      Plaintiff denies the allegations set forth in Paragraph 78 of the Amended Answer.

-6-

## SEVENTH DEFENSE
### (Violation of New York State Real Property Actions and Proceedings Law § 1320)

ww.    In response to Paragraph 79 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.

xx.    Paragraph 80 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 80 of the Amended Answer, and refers to the statute for its terms and meaning.

yy.    Paragraph 81 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 81 of the Amended Answer.

zz.    Paragraph 82 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  Plaintiff refers to the statute for its terms and meaning.

aaa.    Paragraph 83 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 83 of the Amended Answer.

bbb.    Plaintiff denies the allegations set forth in Paragraph 84 of the Amended Answer.

2.    Plaintiff denies the allegations set forth in Paragraph 86 of the Amended Answer.

3.    Plaintiff denies the allegations set forth in Paragraph 87 of the Amended Answer.

4.    Plaintiff admits the allegations set forth in Paragraph 88 of the Amended Answer.

5.    Plaintiff admits the allegations set forth in Paragraph 89 of the Amended Answer.

6.    Plaintiff denies the allegations set forth in Paragraph 90 of the Amended Answer.

7.     Plaintiff denies the allegations set forth in Paragraph 91 of the Amended Answer.

8.     Plaintiff denies the allegations set forth in Paragraph 92 of the Amended Answer.

**TENTH DEFENSE AND SECOND COUNTERCLAIM**
**(Violation of New York General Business Law § 349)**

9.     In response to Paragraph 100 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.  In addition, Paragraph 100 repeats and realleges Paragraphs 93 to 99 of the Amended Answer, which contains Defendants' affirmative defense, and to which no response is required. To the extent a response is required, Plaintiff responds as follows:

**NINTH DEFENSE**
**(Unclean Hands)**

a.     In response to Paragraph 93 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.

b.     Paragraph 94 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.

c.     Paragraph 95 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.

d.     Plaintiff denies the allegations set forth in Paragraph 96 of the Amended Answer.

e.     Plaintiff denies the allegations set forth in Paragraph 97 of the Amended Answer.

f.     Plaintiff denies the allegations set forth in Paragraph 98 of the Amended Answer.

g.     Plaintiff denies the allegations set forth in Paragraph 99 of the Amended Answer.

10.     Plaintiff denies the allegations set forth in Paragraph 101 of the Amended Answer.

-8-

11.     Plaintiff denies the allegations set forth in Paragraph 102 of the Amended Answer.

12.     Plaintiff denies the allegations set forth in Paragraph 103 of the Amended Answer.

13.     Plaintiff denies the allegations set forth in Paragraph 104 of the Amended Answer.

14.     Plaintiff denies the allegations set forth in Paragraph 105 of the Amended Answer.

### THIRD COUNTERCLAIM
### (New York State Real Property Law § 282)

15.     In response to Paragraph 112 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.   In addition, Paragraph 112 repeats and realleges Paragraphs 106 through 111 of the Amended Answer, which contains Defendants' affirmative defense, and to which no response is required.   To the extent a response is required, Plaintiff responds as follows:

### ELEVENTH DEFENSE
### (Unconscionability)

a.     In response to Paragraph 106 of the Amended Answer, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Amended Answer as if fully set forth herein.

b.     Plaintiff denies the allegations set forth in Paragraph 107 of the Amended Answer.

c.     Plaintiff denies the allegations set forth in Paragraph 108 of the Amended Answer.

d.      Plaintiff denies the allegations set forth in Paragraph 109 of the Amended Answer.

e.      Plaintiff denies the allegations set forth in Paragraph 110 of the Amended Answer.

f.      Plaintiff denies the allegations set forth in Paragraph 111 of the Amended Answer.

16.     Paragraph 113 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 113 of the Amended Answer.

17.     Paragraph 114 of the Amended Answer sets forth conclusions of law and, therefore, no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 114 of the Amended Answer, and refers to the statute and mortgage for their terms and meanings.

18.     Plaintiff denies the allegations set forth in Paragraph 115 of the Amended Answer.

## FIRST AFFIRMATIVE DEFENSE

19.     Defendants' Counterclaims fail to set forth a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

20.     Defendants' Counterclaims are barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

21.     Defendants' Counterclaims are barred in whole or in part by the statute of frauds.

## FOURTH AFFIRMATIVE DEFENSE

22.     Defendants' Counterclaims are barred in whole or in part by applicable contractual provisions.

## FIFTH AFFIRMATIVE DEFENSE

23.     Defendants' Counterclaims are barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

24.     Defendants' Counterclaims are barred in whole or in part by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

25.     Defendants' Counterclaims are barred in whole or in part by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

26.     Defendants' Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

27.     Defendants' Counterclaims are barred in whole or in part by the doctrine of merger.

## TENTH AFFIRMATIVE DEFENSE

28.     Defendants' Counterclaims are barred in whole or in part because the statutes cited in the Counterclaims do not apply to the subject loan.

## ELEVENTH AFFIRMATIVE DEFENSE

29.     Defendants' Counterclaims are barred in whole or in part because the statutes cited in the Counterclaims do not apply to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

30.     Defendants are barred from recovery due to their execution of the subject loan documents.

## THIRTEENTH AFFIRMATIVE DEFENSE

31.     Defendants' Counterclaims are barred in whole or in part on the basis of the documentary evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

32.     Defendants' Counterclaims are barred in whole or in part by federal or state law.

## FIFTEENTH AFFIRMATIVE DEFENSE

33.     Defendants failed to take appropriate steps to mitigate or otherwise avoid the damages that they claim to have suffered.

## SIXTEENTH AFFIRMATIVE DEFENSES

34.     Defendants have suffered no damages as a result of the matters alleged in the Counterclaims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

35.     Plaintiff, and any persons acting on Plaintiff's behalf, acted at all times in good faith and with due diligence in carrying out their responsibilities and did not directly or indirectly induce the act or acts constituting the alleged violations or causes of actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

36.    Plaintiff's actions were at all times in compliance with relevant federal, state, and local rules and regulations.

## NINETEENTH AFFIRMATIVE DEFENSE

37.    Defendants' Counterclaims are barred in whole or in part by the doctrine of voluntary payment, ratification, acquiescence, or consent.

## TWENTIETH AFFIRMATIVE DEFENSE

38.    Defendants failed to plead violations of GBL § 349 with sufficient particularity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

39.    Defendants' Counterclaims are barred in whole or in part by the parol evidence rule.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

40.    Any damages suffered by Defendants were caused, in whole or in part, by Defendants' own negligence or other conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

41.    Any damages suffered by Defendants were caused, in whole or in part, by third parties unrelated to Plaintiff and/or by factors beyond Plaintiff's control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

42.    Any errors that Defendants allege Plaintiff may have made are, if anything, within the tolerance levels allowed by law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

43.    Plaintiff did not misrepresent or fail to disclose any material facts or disclosures.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

44.     The Counterclaims are misdirected to Plaintiff, an assignee of the subject mortgage.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

45.     The Counterclaims are barred, in whole or in part, by the doctrine of unjust enrichment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

46.     The Counterclaims are barred, in whole or in part, because any alleged acts and/or omissions were not the actual or proximate cause of the damages, if any, suffered by Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

47.     The Counterclaims are barred, in whole or in part, because any reliance on any alleged misrepresentations was not reasonable.

## THIRTIETH AFFIRMATIVE DEFENSE

48.     To the extent Defendants are seeking treble or punitive damages, Defendants failed to make out a claim for such damages.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

49.     Plaintiff did not originate the subject loan.


**WHEREFORE**, Plaintiff U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust demands judgment as follows:

(a) dismissing the Counterclaims against Plaintiff in their entirety and awarding to Plaintiff its costs and expenses, including attorneys' fees to abide the Counterclaims;

(b) awarding Judgment to Plaintiff on each of its causes of action set forth in its Complaint in this action; and

(c) awarding to Plaintiff such other and further relief as to this Court seems just and proper.


Dated: September 18, 2015

DAY PITNEY LLP

By: */s/ Christina A. Parlapiano*
Christina A. Parlapiano, Esq.
(CP8912)
Alfred W.J. Marks, Esq.
1 Jefferson Road
Parsippany, New Jersey 07054
cparlapiano@daypitney.com
awjmarks@daypitney.com
Tel: (973) 966-8229
Fax: (973) 461-4564

Melissa Mary Loecher, Esq.
Gross Polowy LLC
1775 Wehrle Drive
Suite 100
Buffalo, New York 14221
mloecher@grosspolowy.com
Tel: (716) 204-1716
Fax: (716) 253-6216

*Attorneys for Plaintiff U.S. Bank Trust, N.A.*
*as Trustee for LSF8 Master Participation*
*Trust*